IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHELE DIANE BAUMGARTNER       CASE NO.:
                                                                       DIVISION:
                      Plaintiff,

vs.

CONCENTRIX CVG CORPORATION, a
Foreign Not For Profit Corporation, and
UNUM LIFE INSURANCE COMPANY
OF AMERICA, a Foreign Profit Corporation,

                      Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, MICHELE DIANE BAUMGARTNER, ("hereinafter Plaintiff"), by and through her undersigned counsel, and pleads the following Complaint against Defendants, CONCENTRIX CVG CORPORATION, a Foreign Not For Profit Corporation, (hereinafter "CONCENTRIX"), and UNUM LIFE INSURANCE COMPANY OF AMERICA, a Foreign Profit Corporation, (hereinafter "UNUM").

## JURISDICTION

1.     CONCENTRIX, the employer of the Plaintiff, maintains and administers The Concentrix CVG Corporation Employee Term Life and Dependent Term Life Coverage Plan, (hereinafter the "Plan") which is an "employee benefit plan," as that term is defined by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C § 1001, et seq.,; ERISA § 3(3); 29 U.S.C. § 1002(1). A copy of the Plan Summary is attached hereto as "Exhibit A" and by reference made a part hereof.

1

2. This Court has jurisdiction over Plaintiff's claims pursuant to ERISA § 502(a)(1)(B); 29 U.S.C § 1132(a)(1)(B), and ERISA § 502(a)(3)(B); 29 U.S.C § 1132(a)(3)(B) because the claims arise under ERISA § 502(a); 29 U.S.C. § 1132(a), and the Plaintiff seeks appropriate equitable relief and damages at law to enforce the provisions of an ERISA plan.

3. All conditions precedent have been completed or waived by Defendants.

## PARTIES

4. Plaintiff is a resident of Duval County, Florida, was at all material times employed by CONCENTRIX, and is a participant and beneficiary of the Plan.

5. CONCENTRIX is the employer of Plaintiff with its principal place of business in Cincinnati, Ohio. CONCENTRIX is the Plan administrator and named fiduciary of the Plan. CONCENTRIX maintains responsibility for employee enrollments including occupational information that may be required to manage a claim, premium accounting, and submitting the requisite information to UNUM at the time of a claim. CONCENTRIX maintains the right, in its sole discretion, to amend, modify, or terminate, in whole or in part, any or all of the provisions of the Plan. CONCENTRIX is a fiduciary with respect to the Plan as that term is defined in 29 U.S.C § 1002(21)(A) and as the named fiduciary within the Plan. 29 U.S.C § 1102(a)(2).

6. UNUM, a corporation with its principal place of business located at 1 Fountain Square, Chattanooga, Tennessee, 37402, administers and determines claims made by participants and is a fiduciary with respect to the Plan as that term is defined in 29 U.S.C § 1002(21)(A), and as the named 'claims' fiduciary within the Plan. 29 U.S.C § 1102(a)(2).

## GENERAL ALLEGATIONS

7. The Plaintiff properly made a claim for the $50,000.00 dependent life insurance benefits which she paid for through payroll deductions. The Plaintiff has exhausted the Plan's administrative appeals process. The Plaintiff is entitled to the $50,000.00 dependent life insurance benefit under the terms of the Plan but was denied the full benefit by CONCENTRIX and UNUM.

## FACTUAL ALLEGATIONS

8. On or about April 23, 2012, Plaintiff began employment with CONCENTRIX[1] and elected to participate in the Plan. Plaintiff enrolled in and obtained term life insurance coverage for herself and her Husband, Christopher Rodgers. The chosen and qualified coverage for her Husband was $50,000.00, and Plaintiff paid for the coverages by payroll deductions.

9. Shortly after taking up employment, Plaintiff separated from her Husband, and entered a domestic partnership with Timothy David Baumgartner.

10. On June 11, 2014, a Final Judgment of Dissolution of Marriage was entered in Duval County, Florida, which dissolved the marriage between Plaintiff and Christopher Rodgers.

11. On or about June 12, 2014, without any lapse in payment by Plaintiff for the term life insurance coverage for her spouse, Plaintiff notified CONCENTRIX of the dissolution of her marriage to Christopher Rodgers, completed all documents requested by CONCENTRIX to evidence and declare her domestic partnership with Timothy David Baumgartner and to have him covered by a term life insurance policy in the amount of $50,000.00.

---

[1] At the start of employment, the company was known as CONVERGYS CORPORATION with its records maintained by CONVERGYS CUSTOMER MANAGEMENT GROUP, INC., N/K/A CONCENTRIX CVG CUSTOMER MANAGEMENT GROUP, INC. A/K/A "CONCENTRIX CVG".

12. On August 29, 2015, Plaintiff married Timothy David Baumgartner and took his surname as her own.

13. On or about October 9, 2015, Plaintiff notified CONCENTRIX of her marriage to Timothy David Baumgartner and caused her name and address to be changed upon the records maintained by CONCENTRIX. Neither CONCENTRIX nor UNUM ever requested that the Plaintiff complete a new EOI nor did either inform the Plaintiff a new EOI was desired.

14. On October 31, 2019, more than four (4) years later, Timothy David Baumgartner passed from complications caused by illness.

15. At all times relative hereto, Plaintiff continued to pay for dependent term life insurance coverage for her spouse in the amount of $50,000.00.

16. On November 1, 2019, Plaintiff notified CONCENTRIX of the passing of her Husband, David Timothy Baumgartner, and made claim to her $50,000.00 dependent life insurance policy coverage.

17. On November 29, 2019, UNUM partially denied Plaintiff's claim, agreeing only to pay the sum of $25,000.00 in coverage. UNUM's alleged basis for the partial denial was its claim that the records received by CONCENTRIX did not include the required Evidence of Insurability form (hereinafter EOI), which UNUM asserts was required to be completed and submitted when Plaintiff enrolled her dependent, Timothy David Baumgartner, for a life insurance policy which exceeded the non-medical maximum amount of $25,000.00.

18. Plaintiff appealed the decision of UMUM and the appeal was denied. This Complaint ensued.

## COUNT ONE
### CIVIL ENFORCEMENT FOR RECOVERY OF BENEFITS
### PURSUANT TO ERISA § 502(a)(1)(B); 29 U.S.C. § 1132(a)(1)(B)

19. Plaintiff re-alleges paragraphs 1 through 18 above as though fully set forth herein.

20. CONCENTRIX is responsible for monitoring enrollment in the plan, maintaining records, collecting premiums, and requesting items/documents from eligible employees/participants which are needed for life insurance coverage. On a regular basis, CONCENTRIX must provide UMUM with, *inter alia*, information about employees who are eligible to become insured, whose amount(s) of coverage change, and occupational information that may be required to manage a claim.

21. UMUM, in turn, processes claims and has the discretionary authority to determine employee/participant's eligibility for benefits and to interpret the terms and provisions of the Plan.

22. As fiduciaries, CONCENTRIX and UNUM have an affirmative duty to inform employees/Participants when they know that silence might be harmful. *Smith v. Williams*, 819 F. Supp. 2d 1264 (M.D. Fla. 2011); *Bixler v. Cent. Pa. Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1300 (3d Cir. 1993); *see generally Perras v. Coca-Cola Co.*, No. 1:19-CV-1831-MHC, 2020 U.S. Dist. LEXIS 172910 (N.D. Ga. Jan. 24, 2020). Despite this duty and the timely notice by the Plaintiff of her life changes, CONCENTRIX and UNUM failed to properly inform the Plaintiff of her rights under the Plan and an obligation to obtain a new EOI on Timothy David Baumgartner at the time she entered into a domestic partnership, or at the time she married Timothy David Baumgartner. Given the lack or loss of records, it is clear that CONCENTRIX and UNUM implemented and continue to maintain a flawed administrative process. Although CONCENTRIX and UNUM have failed to properly maintain records, their limited records show that the Plaintiff was diligent in notifying CONCENTRIX, and therefore UNUM, of her domestic partnership, the

change in her marital status, and the change of spouse/dependent from her former Husband to Timothy David Baumgartner.

23. In addition to the adequate and timely notice provided by the Plaintiff to CONCENTRIX and UNUM, the Plaintiff continually paid the appropriate premium for dependent life insurance coverage in the amount of $50,000.00, believing she had coverage in that amount upon her now deceased Husband, Timothy David Baumgartner, while CONCENTRIX collected the payments through payroll deduction, and provided the same to UMUM.

24. As fiduciaries, CONCENTRIX and UNUM may not administer the Plan in such a way that it creates a situation where essentially risk-free profits can be obtained from premiums paid on later-claimed "non-existent" benefits. *See e.g., Frye v. Metro. Life Ins. Co.*, No. 17-cv-31-DPM, 2018 U.S. Dist. LEXIS 55236, 2018 WL 1569485, at *1-2 (E.D. Ark. March 30, 2018). Only after the putative participant died, in these cases, did the survivor beneficiary discover the decedent was not covered by the policy.

25. The Plaintiff is entitled to the benefits for which she paid and reasonably believed where in existence.

26. Due to the failure of CONCENTRIX and UNUM to exercise the utmost loyalty and care required of a Plan fiduciary coupled with their failure to properly inform the Plaintiff of her rights and obligations under the Plan and the necessity of obtaining a new EOI form in order to effectuate her entitlement to dependent life insurance benefits in the amount of $50,000.00 on Timothy David Baumgartner, enforcement of the Plan is proper and necessary for the Plaintiff to recover the full amount of the benefit due to her under the Plan.

**WHEREFORE**, Plaintiff prays for enforcement of the Plan and the recovery of benefits due.

## COUNT TWO
## EQUITABLE RELIEF FOR BREACH OF FIDUCIARY DUTY
## UNDER ERISA § 502(a)(3); 29 U.S.C. § 1132(a)(3)  (EQUITABLE SURCHARGE)

27. Plaintiff re-alleges Paragraphs 1 through 26 above as though fully set forth herein.

28. CONCENTRIX and UNUM breached their fiduciary duty to the Plaintiff by allowing her to pay for coverage for her now deceased Husband, Timothy David Baumgartner, and received risk-free profits therefrom.

29. CONCENTRIX and UMUM's failure to timely exchange information and track the Plaintiff's prior divorce, domestic partnership, and later marriage and designation of Timothy David Baumgartner as a dependent with the chosen life insurance coverage in the amount of $50,000.00 is a flawed administrative process and a breach of their fiduciary duty to the Plaintiff.

30. CONCENTRIX's collection of payments and UNUM's receipt thereof is tantamount to confirming the $50,000.00 dependent life insurance coverage which the Plaintiff believed she obtained on her late Husband, Timothy David Baumgartner.

31. Plaintiff is entitled to an equitable surcharge in the full amount of benefits due.

**WHEREFORE**, Plaintiff prays for equitable surcharge to match or exceed the benefits due.

## COUNT THREE
## ATTORNEY FEES AND COSTS
## PURSUANT TO ERISA § 502(g); 29 U.S.C. § 1132(g)(1)

32. Plaintiff re-alleges Paragraphs 1 through 31 above as though fully set forth herein.

33. CONCENTRIX and UNUM breached their fiduciary duties to the Plaintiff and have refused to provide her the benefits to which she is entitled.

34. Accordingly, the Plaintiff is entitled to attorneys' fees and costs relating to these claims in an amount to be determined by the Court pursuant to ERISA § 502(g)(1); 29 U.S.C § 1132(g)(1).

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that this Court enforce the terms of the Plan, enter judgment in its favor against Defendants on all counts, award the Plaintiff the requested equitable remedy against Defendants, together with interest, costs, and attorneys' fees, and provide such other relief that the Court deems just under the circumstances.

JONATHAN J. LUCA, PA

/s/ Jonathan J. Luca

JONATHAN J. LUCA, ESQUIRE
Florida Bar No.: 0625523
*jonathan@lucalawfirm.com*
904 Anastasia Boulevard
St. Augustine, Florida 32080
Tel. (904) 814-8943
Fax (904) 471-4561
Attorney for Plaintiff